# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1615V

| | |
|---|---|
| ALPHA PATRICK,<br><br><br>          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2026 |

*Adam Arthur Edwards, Milberg, Knoxville, TN, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 28, 2022, Alpha Patrick filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on September 28, 2020. Petition, ECF No. 1. On August 14, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 51.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,388.25 (representing $45,986.25 in fees plus $402.00 in costs). Application for Attorneys' Fees and Costs ("Motion") filed April 8, 2025. ECF No. 57. Furthermore, Petitioner represents that she incurred no personal out-of-pocket expenses. ECF No. 57-1.

Respondent reacted to the motion on April 15, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, and requesting that the Court exercise its discretion and determine a reasonable award. Respondent's Response to Motion at 2-3, ECF No. 60. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1.

2

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES AND COSTS

### A.  Hourly Rates

Petitioner requests that I apply the following hourly rates for the attorneys and paralegals that performed work in this matter:

|  | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| Celia Hastings, Esq. | X | $509 | $525 | $553 | $584 | $627 |
| Paralegals | X | $172 | $177 | $186 | $197 | $212 |

I find the paralegal rates requested herein to be reasonable and shall be applied but make the following determinations regarding rates requested for attorney Hastings. Ms. Hastings was previously awarded $475.00 for work performed in 2021, and $500.00 for work performed in 2022, less than requested herein. *See Mallard* v. *Sec'y of Health & Hum. Servs.,* No. 21-2059V, Slip Op. 40 (Fed. Cl. Spec. Mstr. June 2, 2023). I find no reason to deviate from such reasoned determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). **Application of the foregoing reduces the amount of fees to be awarded herein by $1,184.50.**[3]

For work performed in the 2023-25 timeframe, I find the proposed increases to be excessive. Rather, based on my experience applying the factors[4] relevant to determining proper hourly rates for Program attorneys, I hereby award Ms. Hastings the following: $525.00 for time billed in 2023; $550.00 for time billed in 2024; and $584.00 for time billed

---

[3] This amount consists of reducing Ms. Hastings 2021-25 rates and is calculated as follows:
($509.00 – $475.00 = $34 x 1.75 hours billed in 2021) + ($525.00 - $500.00 = $25 x 45 hours billed in 2022) = $1,184.50.

[4] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

in 2025. **Application of the foregoing reduces the fees to be awarded herein by $1,537.85.**[5] All other time billed to the matter is reasonable and shall be awarded.

### B. Litigation Costs

Petitioner requests reimbursement of $402.00 in costs, representing the Court's filing fee. Respondent offered no specific objection to the rates or amounts sought. I find the requested cost reasonable and shall be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I GRANT in part Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $43,665.90 (representing $43,263.90 in fees plus $402.00 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This amount consists of reducing Ms. Hastings 2023-25 rates and is calculated as follows: ($553.00 - $525.00 = $28 x 10.65 hours billed in 2023) + ($584.00 - $550.00 = $34 x 21.60 hours billed in 2024) + ($627.00 - $584.00 = $43 x 11.75 hours billed in 2025) = $1,537.85.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.